## APPEAL OF JAMES L. EASTLACK.

Docket No. 4240.    Submitted September 21, 1925.    Decided November 14, 1925.

Net taxable income determined from the evidence.

*K. N. Parkinson, Esq.*, and *H. A. Walburn, C. P. A.*, for the taxpayer.
*Arthur J. Seaton, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This is an appeal from determinations of deficiencies in income taxes for 1919, 1920, and 1921, of $4,854.91. Taxpayer alleges that the Commissioner incorrectly computed the gross income, expenses, and net income of taxpayer's business for 1919 and 1920.

### FINDINGS OF FACT.

During 1919 and 1920 taxpayer was engaged in the purchase and sale of automobiles, at Richwood, N. J., and was sales agent for Ford and Buick cars. He also conducted a garage and service station.

His gross income from such business for 1919, after allowing for credits and discounts, was $230,205.22. The cost of the goods sold and other business deductions were $208,790.34.

### DECISION.

The determinations of the Commissioner for 1920 and 1921 are approved. The deficiency for 1919 should be computed in accordance with the foregoing findings of fact. Final determination will be settled on 10 days' notice, under Rule 50.

OPINION.

PHILLIPS: For 1919 taxpayer takes issue with the Commissioner as to the correct amount of the gross income, deductions, and net income of his business. There have been submitted to us the original return, the original internal revenue agent's report, an amended return prepared for the taxpayer by an accountant, and a supplemental report of the revenue agent based upon such amended return. There have also been submitted the taxpayer's books of account.

The Commissioner accepted the revenue agent's supplemental report and used it as a basis for the determination of the deficiency involved. This report increases taxpayer's income from the sale of cars in 1919 by $6,906.18 and from the sale of accessories by $995.58. An examination of accessory sales, shown upon taxpayer's books of account, which are fairly complete as to such sales, shows no justification for such increase of $995.58 and it has been disallowed. The increase from car sales is made up of two items, one of which is $4,086.30, stated to be "items on which dates were changed." The only record of car sales kept by taxpayer was upon a perpetual inventory. When cars were received a description was entered upon such inventory specifying the make and design of the car and the engine and body number, together with the price paid. When the car was sold there was inserted against this entry the name of the purchaser, the date of sale, and the sales price. It appears from the testimony and from the taxpayer's books that in three instances 1919 sales were recorded against the incorrect motor number. When the error was found the entry of the sale was erased and the same information recorded against the proper motor number. The cars against which such incorrect entries had been made in 1919 were sold in 1920 and notations made showing the 1920 sale. Because of such erasures the internal revenue agent included in 1919 sales not only the three cars actually sold, but also the three cars against which improper entries were originally made, thus duplicating gross sales to the extent of $4,086.30. In the findings of fact this duplication has been disallowed. The remainder of the $6,906.18 item is unexplained. Because of the method which taxpayer pursued in keeping his books, it is possible to determine gross sales of cars only by taking individual sales from the perpetual inventory and adding such sales. No record of accounts receivable and no cash book was available. In the absence of records from which we can satisfactorily determine whether the taxpayer or the Commissioner is correct, we do not propose to disturb the Commissioner's determination with respect to this item.

Taxpayer also alleges that the Commissioner committed error in reducing the cost of its goods sold by $3,783.03, stated to be " freight charges duplicated." The cost of goods sold, as computed by the Commissioner, is taken from a summary account upon taxpayer's books. Taking such summary and comparing it with the perpetual inventory, we find that the freight charges have been included in the cost of cars sold. To include such freight charges again as a separate item would duplicate the deduction, and for that reason the Commissioner's computation has been sustained with respect to such item.

Taxpayer claims that the Commissioner incorrectly computed the cost of goods sold in 1920. Taxpayer has submitted a record which summarizes his purchases of supplies and cars by monthly totals. Following the entry for the month of December, 1920, the record contains additions which purport to show the purchases for the year. These additions were used by the Commissioner in computing 1920 purchases. Following these additions is an entry of $9,292.22, which purports to be purchases made during the course of the year and not previously entered. Testimony was given by the bookkeeper that such purchases were made by the taxpayer by checks not recorded at the time in the check book, but the taxpayer's records are so deficient that it is impossible to verify such purchases on its books in any manner that is at all satisfactory, or to verify the sale or inventory of such goods for the purpose of determining whether the sales price was reported in income or whether they were included in inventory, if unsold, and for that reason the determination of the Commissioner has been approved.